## STEVENSON *a.* BUXTON.

*Supreme Court, First District ; Special Term, January,* 1859.

### JUDGMENT.—RELIEF IN DAMAGES IN AN ACTION FOR SPECIFIC PERFORMANCE.

In an action against the vendor for specific performance, where his defence is that he has no title to the premises agreed to be conveyed, the court may, under the Code, order a reference to ascertain the plaintiff's damages, and give judgment in the alternative for specific performance, or for the recovery of damages, instead of dismissing the complaint, and turning the plaintiff over to his action for damages.

This was an action for specific performance of a contract of sale of real property.

The facts were, that on October 21, 1856, the defendant sold to the plaintiff the house and lot No. 152 West Thirty-second-street, for $5000 ; terms, $1000 cash, the balance by assuming a mortgage then on the premises for $3500; $100 of the $1000 was paid by plaintiff at the time of signing the contract. The plaintiff, subsequently, tendered the $900 remaining due, and demanded a performance of the contract on the part of defendant. The defendant failed to convey, however, and the plaintiff brought this action to enforce specific performance. The defence was, that defendant had not title to the premises, and could not perform.

DAVIES, J.—When the distinction existed between legal and equitable proceedings, and these rights were enforced in different tribunals, it would have been the usual course on a bill filed in equity, to compel a specific performance, and if it appeared that it was impossible for the defendant to comply, to dismiss the bill and leave the plaintiff to his action at law, to recover the damages which he might have sustained. It may be doubted whether such a procedure is necessary under our present system. The Code was intended to obviate such necessity, and to afford the plaintiff all the relief he might be entitled to, without reference to the particular form of the action.

In Wiswall *a.* McGown (2 *Barb.*, 270), the bill was filed for a specific performance, and it appeared that the defendant had not the power to comply. The assistant vice-chancellor referred it to a master to ascertain the damages sustained by the plaintiff by reason of the refusal of the defendant to perform and fulfil his contract. It is true that that portion of the decree was reversed in this court, but it was under the old system, when legal and equitable relief were enforced in different tribunals, and it was upon the ground that a court of law was the only proper forum to enforce a claim for damages only. The distinction between legal and equitable remedies is now abolished, and I can see no necessity or propriety in dismissing this complaint, that the plaintiff may institute a new action to recover the damages which he has sustained. I cannot think such a procedure in

harmony with either the letter or spirit of the Code. All the rights of the parties can be determined in the present action, and no necessity now exists for resorting to another.

An order will be entered for a reference to ascertain the damages which the plaintiff has sustained by reason of the refusal of the defendant to comply with his contract; and on the coming in of his report, a judgment will be entered that he pay the costs of this action, and specifically perform his contract; and on his failure to do so, that the plaintiff have judgment against him for the amount so reported to be due, with the costs of this action.